IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                   Case Nos.:   3:16cr25/MCR/HTC
                                                   3:18cv2220/MCR/HTC

DEANGELO ROME

---

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant DeAngelo Rome's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF Doc. 75. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

After careful consideration of the motion, the record, the relevant law, and the Government's response (ECF Doc. 77), the undersigned recommends the motion be DENIED without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases. The record clearly establishes that Rome's claims of ineffective assistance of counsel are without legal or factual support because counsel is not constitutionally ineffective for failing to raise a meritless claim.

Case Nos.: 3:16cr25/MCR/HTC; 3:18cv2220/MCR/HTC

## I.    BACKGROUND AND PROCEDURAL HISTORY

On March 16, 2016, a federal grand jury charged Rome with three counts of possession of a firearm and/or ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). ECF Doc. 3. The charges involved three separate incidents, one of which involved a shooting. ECF Doc. 23.

Rome pled guilty pursuant to a written plea agreement on May 3, 2016. ECF Docs. 22-27; 63. He was represented by Jennifer Hart, from the Office of the Federal Public Defender. At his change of plea hearing, Rome acknowledged he had read the Factual Basis for Guilty Plea and that the description of events contained therein was true and correct. ECF Doc. 63 at 9-10. The Factual Basis stated that Rome "is a multi-convicted felon, as noted in the incorporated indictment to which the defendant concedes, and did not have the legal right to possess the firearms nor ammunition." ECF Doc. 23 at 4.

The November 1, 2016 Guidelines Manual was used to prepare Rome's Presentence Investigation Report ("PSR"). ECF Doc. 42. The PSR grouped the three offenses together for guideline calculation purposes. PSR ¶ 22. Rome's base offense level was 26. He received two, two-level adjustments because the offense conduct involved three or more firearms and because several of the firearms were

stolen.  PSR ¶s 23a, 23b.  Nonetheless, the adjusted offense level was capped at 29, pursuant to U.S.S.G. § 2K2.1.  PSR ¶ 23c.  Rome was then assessed another four-level adjustment because he used or possessed a firearm in connection with another felony offense.  PSR ¶ 24.  The two "additional" felonies were identified as a drug felony and aggravated battery while possessing a firearm (shooting into a building). PSR ¶s 53, 54.  Rome's adjusted offense level subtotal was 33.  PSR ¶ 28.

Because Rome possessed the firearm in connection with another felony offense, the guidelines require his offense level to be calculated using a cross-reference pursuant to § 2K2.1(c)(1).  ECF Doc. 42, PSR ¶ 29.  The higher of the two offense levels is then used to determine the defendant's offense level.  *Id.*  As set forth in the PSR, ¶ 12 and the Factual Basis (ECF Doc. 23 at 2), Rome used the firearm identified in Count Two of the indictment to shoot inside a residence, which injured a victim who was inside the residence at the time.  Thus, the cross-reference base offense level used for Rome was 33, the level which corresponded to assault with intent to commit murder/attempted murder.  *Id.*

Also, because the victim sustained serious bodily injury (namely two gunshot wounds) (ECF Doc. 65 at 17), the PSR applied a two-level increase, for a cross-reference subtotal of 35.  PSR ¶s 30, 31.  After a three-level decrease for acceptance

of responsibility, Rome's total offense level was 32. PSR ¶s 33-35. Rome had twelve criminal history points, yielding a criminal history category of V. PSR ¶ 83. The applicable advisory guidelines range was 188 to 235 months' imprisonment. *Id.*

Sentencing was originally scheduled for December 1, 2016. ECF Doc. 43. At the hearing, the Court granted counsel's request for a continuance so she could do further research regarding the conduct underlying the cross reference. ECF Doc. 44. Sentencing reconvened on January 27, 2017. ECF Docs. 50, 65.

Counsel objected to the guidelines calculations based on the cross-reference, raising alternative arguments. ECF Doc. 65. First, she argued that if the cross-reference was appropriate at all, the court should apply the aggravated assault guideline, not the attempted murder guideline, to determine Rome's base offense level. *Id.* at 5-6. Second, counsel maintained that if the court believed the correct cross-reference to be attempted murder, Rome's base offense level should be 27, for second degree murder, instead of 33, because the evidence did not support a finding of premeditation. The Government opposed any change to the guidelines calculations based on its position that (1) application of a cross-reference was generally appropriate, and (2) the facts supported a finding of premeditation because

the circumstances involved a "planned ambush," where Rome and others intentionally surrounded the victim's home before shooting started. *Id.* at 6-7.

Amber Bernard, an investigator from the Escambia County Sheriff's Office testified to the events giving rise to Count Two of the indictment. ECF Doc. 65 at 11-28. According to Officer Bernard, the victim was inside the residence and "flushed out from the front – from the back to the front of the house." *Id.* at 16. The shooting initially took place through the back door. *Id.* Once the victim was "flushed out the front door," there were approximately three to four other shooters waiting "to ambush him". *Id.* The victim identified Rome as the shooter in the backyard. *Id.* at 18.

Officer Bernard also testified, on cross-examination, that the victim looked out the back window and "that's when Defendant shot at him." ECF Doc. 65 at 23. Also, on cross, Officer Bernard was asked whether the victim offered any reasons for the shooting and whether one of those was a "beef" between the victim and the shooters. *Id.* at 26. Officer Bernard testified that was correct, and further identified the "beef" as being in reference to a previous homicide involving one of Rome's friends and the victim being responsible for it. *Id.* at 26.

Case Nos.: 3:16cr25/MCR/HTC; 3:18cv2220/MCR/HTC

Despite Officer Bernard's testimony, defense counsel nonetheless reiterated Rome's position that he did not have the requisite intent to justify the attempted murder enhancement.  ECF Doc. 65 at 37.  Counsel argued the aggravated assault guideline was most analogous to what Rome was charged with in state court, to which the Court responded that the state's charge had no bearing on how it proceeded in the federal sentencing.  *Id.* at 45-46.  The Court overruled Rome's objection, and found the cross-reference applied and that Defendant used the ammunition identified in Count Two in conjunction with the attempted commission of first degree premediated murder and attempted first degree murder.  *Id.* at 50.  The Court noted, in particular that the evidence was "overwhelming" and stated "it's plain and clear from that evidence that Mr. Rome and his cohorts, that they planned an ambush on the victim."  *Id.* at 51.  The Court further stated that no finding as to "jointly undertaken activity" was necessary, and it did not need to apply the relevant conduct guideline, but if it had done so, it would have reached the same result.  *Id.* at 52.

Counsel argued for a sentence at the low end of the applicable guidelines range, and the Government argued for a sentence at the top of the guidelines.  ECF Doc. 65 at 56-59.  The Court sentenced Rome at the middle of the applicable range

to a term of 210 months' imprisonment.  *Id.* at 59.  The sentence was comprised of 60 months as to Count One, 120 months as to Count Two and 30 months as to Count Three, with each count to run consecutively to the other, and concurrently with any sentence imposed in state court involving related conduct.  *Id.* at 64.

Rome appealed his sentence, arguing that the Court improperly considered unreliable hearsay evidence when it calculated his base offense level with a cross-reference to attempted first degree murder.  ECF Doc. 71.  Defense counsel had not objected to the introduction of the hearsay evidence at sentencing, and in fact questioned Officer Bernard about some of the hearsay evidence; thus waiving the issue and setting it up for plain error review.  *Id.* at 4.  However, the Eleventh Circuit found no error, "plain or otherwise", because Officer Bernard's "testimony had sufficient indicia of reliability" and Rome had the opportunity to rebut the evidence. In fact, the Eleventh Circuit stated, "[c]onsidering the undisputed factual record here, it is difficult to reach any other conclusion than that Rome acted with premeditation." *Id.* at 5.  Rome's sentence was affirmed on November 9, 2017.

Rome timely filed his § 2255 motion on November 7, 2018.  *See* ECF Doc. 75 at 13.  He raises two grounds for relief, both based on ineffective assistance of

counsel.  The Government opposes the motion.  For the reasons set forth below, the undersigned recommends the motion to be DENIED.

## II.    GENERAL STANDARD OF REVIEW

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."  *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014).  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   Ineffective assistance of counsel claims generally are not cognizable on direct appeal, but they are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).

## III.    INEFFECTIVE ASSISTANCE OF COUNSEL ("IAC")

As stated above, Rome raises two IAC claims.  First, he claims counsel was constitutionally ineffective for failing to preserve arguments regarding certain

Case Nos.: 3:16cr25/MCR/HTC; 3:18cv2220/MCR/HTC

sentencing enhancements.  Second, he claims counsel performed deficiently by not objecting to the erroneous inclusion of several prior convictions in the PSR, resulting in an increased sentence.

To prevail on a claim that counsel was constitutionally ineffective, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "The burden of persuasion is on a section 2255 petitioner to prove, by a preponderance of the competent evidence, both that counsel's performance was unreasonable, and that []he was prejudiced by that performance."  *Demar v. United States*, 228 F. App'x 940, 950 (11th Cir. 2007) (quotation marks, brackets, and citations omitted)[1]; *see also Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail.").  In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  *Strickland*, 466 U.S. at 697; *Holladay v. Haley*, 209 F.3d

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2.

1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this Court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Reviewing courts "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* at 689; *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted). "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The

likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).

In the case of alleged sentencing errors, a defendant must demonstrate there is a reasonable probability that, but for counsel's ineffective performance, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

Also, to establish ineffective assistance, a defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012). Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313.

### A. Failure To Preserve Sentencing Error For Appellate Review

Rome's first claim is that counsel was constitutionally ineffective "for failing to preserve sentence enhancement for appellate review due to the fact that any sentence that is increased by mitigating factors must be decided by a jury." ECF Doc. 75 at 3. The main premise for his claim appears to be the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 476.

Rome's reliance on *Apprendi* is misplaced. First, because of his guilty plea, it was the District Court, rather than a jury, that served as finder of fact. The Court was well within its power to engage in fact-finding "about relevant conduct that supports a sentence within the statutory maximum." *United States v. Belfast*, 611 F. 3d 783, 827 (11th Cir. 2010). The Court's factual conclusions with respect to the cross-reference resulted in the calculation of Rome's offense level under U.S.S.G. § 2A2.1 instead of § 2K2.1. Also, as discussed above, the Eleventh Circuit affirmed the Court's findings and application of the cross-reference. Second, Rome's total sentence was comprised of three separate, consecutive sentences, none of which

individually exceeded the ten-year statutory maximum, irrespective of the guidelines calculations.

Rome raises other matters in his discussion of Ground One, which the undersigned will briefly address. Rome admits counsel argued the cross-reference should not apply but claims "counsel did not preserve the sentencing error for appellate review." ECF Doc. 75 at 4-5. Rome misapprehends how error is preserved for review. Had counsel failed to make a particular argument, such an error would not have been preserved, or would have been subject to a different standard of review. However, the fact that counsel's argument was unsuccessful does not mean it was "not preserved."

Rome also raises an argument relative to the Career Offender Enhancement, appearing to suggest it should not have been applied. ECF Doc. 75 at 5. This assertion is inapposite. The Court did not apply a Chapter Four Enhancement in this case. ECF No. 42, PSR ¶ 32. The Career Offender enhancement was inapplicable because the attempted murder cross reference was higher than the Career Offender level under U.S.S.G. § 4B1.1(b), and the higher offense level prevails. To the extent Rome references Career Criminal status (ECF Doc. 75 at 5), the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was never relevant to this case as Rome was not charged under this provision.

In sum, Rome has shown neither constitutionally deficient performance, nor prejudice as to any of the issues asserted in Ground One.   Counsel was not constitutionally ineffective for failing to broach issues that had no merit and no impact on Rome's sentence. *See e.g., Hollis v. United States*, 958 F. 3d 1120, 1124 (11th Cir. 2020).

### B. Failure To Object To "Erroneous Charges" In PSR

Rome's second claim for relief is that counsel was constitutionally ineffective because she did not object to several errors in the PSR, specifically, the allegedly improper inclusion of matters bearing on his criminal history.

Rome first contends counsel should have objected to the inclusion of the offenses set forth in paragraphs 52, 54 and 57 of the PSR.  ECF Doc. 75 at 8. However, none of these offenses factored into Rome's criminal history score. Paragraph 52 is listed under "Other Criminal Conduct;" Paragraph 54 is listed as a "Pending Charge;" and Paragraph 57 falls under "Other Arrests."   *See* ECF No. 42. Thus, even if Rome could show the offenses were improperly identified, or improperly attributed to him, neither of which he has done, none of these charges

had any criminal history points assessed.  Therefore, he has not shown that he was prejudiced by counsel's failure to object to their inclusion in the PSR.

Rome next asserts that "several misdemeanor charges were listed in attempt to pad the P.S.I."  ECF Doc. 75 at 8.  He lists paragraphs 40, 41, 42, 43, 46, 48, 51, and 52 as warranting objection.  Rome is mistaken.  The first three offenses were juvenile offenses for which zero points were scored.  Paragraph 46 was a conviction for driving while license suspended, second offense, and again, no points were assessed.  Paragraphs 51 and 52 (as discussed above) were listed under "Other Criminal Conduct" which did not score points.

The remaining two convictions were not misdemeanors, but felonies. Paragraph 43 included multiple convictions for which Rome eventually was sentenced to 18 months in state prison after he violated his community control. Paragraph 48 included a plea no contendere for two counts of drug possession and one count of possession of drug paraphernalia.  Rome was sentenced to 18 months for count one, and 11 months as to the other two counts.  These convictions, taken together, were properly assessed a total of six criminal history points under U.S.S.G. § 4A1.1(a).

Rome claims counsel failed to investigate the accuracy of the PSR and to object to "erroneous entries," but he has not shown any basis for counsel to make a meritorious objection to the assessment of criminal history points for either of these two convictions.[2]   In sum, counsel was not constitutionally ineffective for failing to make a frivolous objection to the inclusion of any of the convictions of which Rome complains.  *Hollis*, 958 F. 3d at 1124.  Rome cannot meet either prong of *Strickland* and is not entitled to relief.

Because neither of the grounds for relief have legal or factual support, the undersigned also finds that an evidentiary hearing is unwarranted.  Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.  *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).  To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.  *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."  *See* 28 U.S.C. §

---

[2] The undersigned has confirmed on the Florida Department of Corrections, Corrections Offender Network that Rome did in fact serve prison time, as reflected in the PSR.     *See* http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=P37359&TypeSearch=IR

Case Nos.: 3:16cr25/MCR/HTC; 3:18cv2220/MCR/HTC

2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).

## IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the Court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the District Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1.  The Motion to Vacate, Set Aside or Correct Sentence (ECF Doc. 75) be DENIED.

2.  A certificate of appealability be DENIED.

At Pensacola, Florida, this 16th day of March, 2021.


s/ *Hope Thai Cannon*
Hope Thai Cannon
United States Magistrate Judge


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 3:16cr25/MCR/HTC; 3:18cv2220/MCR/HTC